UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GREGG BOGOSIAN and THADOSHA :
BOGOSIAN AND A.B., a minor child, by and :
through her parents and natural guardians, GREGG :
BOGOSIAN and THADOSHA BOGOSIAN, :
        Plaintiffs, :
         :
        v. : C.A. No. 14-80ML
         :
RHODE ISLAND AIRPORT CORPORATION :
(T.F. GREEN AIRPORT), OFFICER STEPHEN E. :
REIS, SERGEANT CHARLES E. HALL, OFFICER :
JOHN KINGSTON, and OFFICER JOHN DOE, :
        Defendants. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Before the Court is an application to proceed without prepayment of fees ("IFP Motion" or "Motion") filed by one of the two Plaintiffs in this case, Gregg Bogosian.[1] ECF No. 128. The Motion was filed on May 17, 2017, one day after District Judge Mary M. Lisi taxed costs against both Plaintiffs in the amount of $6,638.10 based on the April 27, 2017, judgment in favor of Defendants. ECF Nos. 126, 127. Then, on May 26, 2017, Plaintiffs appealed from the judgment and arranged for payment of the $505 filing fee for the appeal of the case. ECF No. 135.

    Defendants vigorously oppose the IFP Motion, arguing that there is no reason for IFP status in a case that is now closed and on appeal (with the appellate filing fee paid), as well as that the substantial factual record in the case, supplemented by facts from recent public sources,

---

[1] Because Gregg Bogosian is *pro se*, he may not represent or file motions on behalf of other plaintiffs. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); DRI LR Gen 205(a)(2) ("[a]n individual appearing *pro se* may not represent any other party"). Because the IFP Motion is not signed by co-plaintiff Thadosha Bogosian, the Court considers the IFP Motion solely as to Gregg Bogosian. If Thadosha Bogosian wishes to proceed without prepayment of fees, she must file her own motion.

establish that Mr. Bogosian is not IFP eligible. The Motion was referred to me on May 19, 2017. For the following reasons, I recommend that it be denied.

Section 1915 permits persons otherwise unable to access the courts to proceed without paying costs such as the filing fee, which instead are defrayed at public expense. 28 U.S.C. § 1915(a)(1). In making the determination whether a litigant is unable to pay, this Court must take into account not only the applicant's personal income but also his other financial resources, including assets and income available from a spouse or family members who are part of the close family. See Pisano v. Astrue, No. 11-30269, 2012 WL 79188, at *1-2 (D. Mass. Jan. 10, 2012) (when family income, resources and obligations are intertwined, court must take wife's income into account in making IFP assessment; spouse and close family are relevant); 20 Am. Jur. 2d Costs § 100 (2014) (where two people live together and function as single economic unit, whether married, related or otherwise, consideration of combined financial assets warranted to determine indigency in civil proceeding); cf. In re Crosswhite, 148 F.3d 879, 889 (7th Cir. 1998) (in bankruptcy context, economic interdependence is relevant – to the extent that contribution of live-in girlfriend to household living expenses improved economic picture, it ought to be considered). Confirming the relevancy of spousal income is AO Form 239, the Application to Proceed in District Court without Prepaying Fees or Costs, which contemplates that an applicant must provide income, employment information, assets and expenses for his or her spouse or for a person with whom the applicant lives and functions as an economically-integrated family unit.

Mr. Bogosian's averment that no one helps to support him or shares his support, ECF No. 128 at 2, is contradicted by the record evidence establishing that Gregg and Thadosha Bogosian have been a married couple who live together and function as a single economic unit, including that she has been the principal breadwinner. If this remains true, the Court must take her income

2

and assets into account before Mr. Bogosian's IFP eligibility may be assessed. Second, Mr. Bogosian swears that he has not worked since 2012 and owns no assets of value, ECF No. 128 at 1-2, yet a relatively recent (2016) public record submitted by Defendants suggests that, as of 2016, he owned a four-year-old Audi, ECF No. 131 at 2, and worked for Uber. Also inconsistent with Mr. Bogosian's sworn statement that he is unable to pay fees and costs is the fact that less than ten days after filing the IFP Motion, Plaintiffs were able to arrange for the payment of the full amount of the appellate filing fee in this case; further, the public record establishes that Mr. Bogosian (acting alone) paid the state court filing fee on December 30, 2016, for an action filed in Superior Court against some of the same Defendants and their attorneys. Finally, the Court observes the obvious – this case is now over. Therefore, until the appeal is resolved, there will be no further "costs of these proceedings" to justify IFP status. Based on the foregoing, I recommend that Mr. Bogosian's IFP Motion be denied on the merits; based on the available factual information and ignoring what appear to be false statements, I find that he has failed to demonstrate that he is unable to pay such costs as remain in connection with "these proceedings" in the District Court.

I close with an observation. The Motion appears to have been filed in response to the $6,638.10 in costs taxed against Mr. Bogosian and his wife the day before the Motion was filed. If true, this tactic is unavailing in that *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a) does not preclude a court from assessing costs at the conclusion of the suit. Shaw v. Hardberger, No. 10-50136, 2011 WL 1519134, at *2 (5th Cir. Apr. 21, 2011) (*per curiam*) (court did not abuse its discretion in taxing IFP plaintiff costs at the conclusion of lawsuit); Sandle v. Principi, 201 F. App'x 579, 583 (10th Cir. 2006) (while court may consider indigent circumstances in exercising discretion whether to award costs, no abuse of discretion in taxing costs on indigent

non-prevailing party); Olson v. Coleman, 997 F.2d 726, 728 (10th Cir. 1993) (under 28 U.S.C. § 1915(f), "costs may be assessed against persons who had been previously granted in forma pauperis status").

Based on the foregoing, I recommend that Plaintiff Gregg Bogosian's IFP Motion (ECF No. 128) be denied. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 5, 2017